■ JOHN McNAMARA, Respondent, v VINCENT HEINLEIN, as Executor of CARL E. BARTELS, Deceased, Appellant.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Patsalos, J.), entered December 8, 1989 in Orange County, which denied defendant's motion for summary judgment dismissing the complaint.

This is an action for specific performance of a contract dated November 29, 1987 which provides for the purchase of defendant's land by plaintiff. Defendant moved to dismiss the complaint, contending that plaintiff had assigned his interest in the contract to Houshang and Soraya Namvar and that he therefore had no further interest in the contract. The Namvars commenced a separate action against defendant and plaintiff seeking specific performance and damages, alleging

that they (the Namvars) had purchased an assignment of the aforesaid contract from plaintiff. In an order made September 13, 1989 in the Namvar action, Supreme Court denied defendant's motion to dismiss, holding that a document signed by plaintiff together with a check from the Namvars was sufficient for Statute of Frauds purposes. At the time of the instant motion by defendant in this action, plaintiff had not yet been served in the Namvar action and therefore could not be bound by the threshold finding in that separate action. There has been no determination in either action that an assignment exists in fact. Supreme Court denied the motion, giving rise to this appeal. We affirm.

In his opposition to the instant motion, plaintiff has shown that an incomplete assignment was placed into escrow pending completion of certain payments and the Namvars' execution of the contract providing for the assignment as well as other yet unmet conditions. Accordingly, there remain issues of fact to be resolved at trial making denial of the motion for summary judgment correct (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404).

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.